(C.D. 3202)

THE GARCIA CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 20, 1967)

*Siegel, Mandell & Davidson for the plaintiff.*
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A," annexed hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked HM (Comm. Spec's Initials) by Commodity Specialist Harry Menschenfreund (Comm. Spec's Name) on the invoices covered by the protests enumerated above, consist of plastic boxes, assessed with duty at 30½ or 29 or 27½ per centum ad valorem, depending on the date of entry or withdrawal from warehouse, under the provisions of paragraph 1211 of the Tariff Act of 1930, as modified, and paragraph 1559, as amended, on the basis that said boxes are containers for fishing lines, and an additional duty of 21, 20 or 19 per centum ad valorem, depending on the date of entry or withdrawal from warehouse, under paragraph 397, as modified, and paragraph 1559, as amended, of said Act, and in accordance with Section 504 of said Act on the basis that said boxes were unusual containers.

That said plastic boxes are not containers for fishing lines, but are, in fact, seperate articles of commerce and as such, are not subject to duty under paragraph 1211 and Section 504, but dutiable at 21, or 20 or 19 per centum ad valorem under paragraph 397, Tariff Act of 1930, as modified, and paragraph 1559, as amended, depending on the date of entry or withdrawal from warehouse.

That the matters herein be remanded to a single judge sitting in reappraisement for a determination of the value of the merchandise in the manner provided by law.

That the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Accepting the foregoing stipulation of facts, we find and hold that there was no separate appraisement for the involved plastic boxes and fishing lines, and that the plastic boxes are not containers for fishing lines, but are separate articles of commerce and are not subject to duty under paragraph 1211 and section 504, Tariff Act of 1930, or as modified. The appraisements are, therefore, void.

Accordingly, said protests filed against such void liquidation are premature, and the involved protests are hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate values of the plastic boxes and fishing lines in the manner provided by law, 28 U.S.C., section 2636 (d).

Judgment will be entered accordingly.